```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN CHOLANKERIL, JR., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-3269 (JBS/KMW) |
| SELECTIVE INSURANCE COMPANY OF AMERICA, | OPINION |
| Defendant. | |

APPEARANCES:

Jason Marc Ciofalo, Esq.
THE MACKINNON LAW GROUP PA
238 E. Davis Blvd., Suite 201
Tampa, FL 33606
     Attorney for Plaintiff

John Peter Malloy, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
     Attorney for Defendant

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

In this action, Plaintiff John Cholankeril, Jr. (hereinafter, "Plaintiff") alleges that Selective Insurance Company of America (hereinafter, "Defendant") breached their Standard Flood Insurance Policy under the National Flood Insurance Act, 42 U.S.C. § 4072 (hereinafter, the "NFIA"), by failing to appropriately process his claim for damages to his beach property during Hurricane Sandy. (See generally Compl.)

As relevant here, the NFIA provides that a claimant may, "upon the disallowance" of any claim, institute an action against the insurance carrier "within one year after the date of mailing of notice of disallowance or partial disallowance" by the carrier. 42 U.S.C. § 4072. In the aftermath of the Hurricane Sandy damage implicated here, Plaintiff filed a proof of loss statement with his flood insurance provider, Defendant Selective Insurance Company of America (hereinafter, "Defendant") on April 28, 2014. Two days later, or on April 30, 2014, Defendant mailed Plaintiff a letter partially denying his claim. Following the denial, but more than 1 year after Defendant mailed notice of the partial denial, Plaintiff filed this action on May 11, 2015, alleging that Defendant breached the parties' insurance agreement.

Defendant now moves to dismiss Plaintiff's Complaint as time-barred under the one-year limitations period of the NFIA, because the statute began to run, by its own terms, on the date Defendant mailed notice of the partial denial. (Defs.' reply Br. at 5-8). More simply, Defendant claims that the NFIA's limitation period required Plaintiff to file this action no later than April 30, 2015, and submits that his failure to do so requires dismissal of Plaintiff's Complaint with prejudice. (See generally id.) Plaintiff, by contrast, largely side-steps the plain language of the statute, arguing instead that he never

2

received the denial notice, and therefore submitting that his Complaint should be deemed timely. (See generally Pl.'s Br.)

The pending motion presents a straightforward question of statutory interpretation. More specifically, the Court must consider whether the statute of limitations under the NFIA begins on the date of mailing of a denial letter, or the later date on which the insured party receives the denial letter.

For the reasons that follow, the Court finds the NFIA's one-year limitations period triggered by mailing of the denial letter. Defendant's motion will, accordingly, be granted.[1]

## II. BACKGROUND

### A. Factual and Procedural Background[2]

Plaintiff owns an ocean-front property in Lavallette, New Jersey, and had a Standard Flood Insurance Policy issued by the

---

[1] This Court has original subject matter over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072.

[2] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiff's Complaint, together with the exhibit attached to the Complaint, documents explicitly relied upon in the Complaint, and matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); see also ACR Energy Partners, LLC v. Polo N. Country Club, Inc., ___ F. Supp. 3d ____, Nos. 15-2677 & 15-5324, 2015 WL 6757574, at *1 n.2 (D.N.J. 2015) (same). As a result, the Court considers, as it must, Defendant's denial notice and the circumstances surrounding the denial, Hossain v. Am. Sec. Ins. Co., No. 15-8138, 2016 WL 492758, at *2 n.4 (D.N.J. Feb. 8, 2016) (considering documents explicitly and implicitly relied upon the plaintiff's pleading), because these facts provide the essential fabric for this litigation.

3

Defendant in accordance with the National Flood Insurance Program. (See Compl. at ¶¶ 2, 4.)

On and around October 29, 2012, Hurricane Sandy struck the Northeastern coast of the United States, causing widespread damage and flooding to shore communities such as Lavallette. (See id. at ¶ 9.) Indeed, Plaintiff's property suffered severe flood and other damage. (See id. at ¶¶ 11-12.) As a result, Plaintiff filed a proof of loss with Defendant (and through current counsel) on April 28, 2014, claiming that the damages to his insured property amounted to $152,242.37. (Ex. A to Compl.)

Defendant received the proof of loss on April 29, 2014 (see Ex. A to Weber Aff.), and on April 30, 2014, issued a notice partially denying (or, disallowing) the proof of loss on account of Plaintiff's failure to attach "all documentation" (paid receipts, invoices, and/or an itemized (room by room) estimated by a licensed contractor) necessary to support his claim of $152,242.37 in damages.[3] (Ex. B to Weber Aff.) For that reason, Defendant reduced Plaintiff's proof of loss to $85,358.34, and mailed the partial denial by certified mail to Plaintiff's

---

[3] The notice of denial appears to incorrectly list Plaintiff's claimed damages as $162,242.37, rather than $152,242.37. (Compare Ex. A to Compl., with Ex. B to Weber Aff.) Nevertheless, because the pending motion concerns only the issue of timeliness, not the accuracy of Plaintiff's claimed damages, the exact dollar amounts have no relevance at this stage.

4

counsel's offices in Tampa, Florida on the very same day. (See Weber Aff. at ¶¶ 5-6; Ex. C to Weber Aff.).

Following the denial, Plaintiff filed this action on May 11, 2015, alleging that Defendant breached the parties' insurance agreement by failing to appropriately process and pay his insurance claim. (See Compl. at ¶¶ 15-29.) In the aftermath of a District-wide effort to resolve cases arising out of Hurricane Sandy, Defendant now moves to dismiss this action on timeliness grounds.

### III. STANDARD OF REVIEW

When determining the merits of a claim under Federal Rule of Civil Procedure 12(b)(6)[4], the court must "accept all factual allegations as true, construe the Complaint in the light most

---

[4] In its brief, Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (See generally Def.'s Br.) Although certain courts apply Rule 12(b)(1) to this issue implicated here on the grounds that the statute of limitations provision of the NFIA constitutes a conditional waiver of sovereign immunity (see id.), the prevailing view in this District reviews challenges under the NFIA's statute of limitations through the lens of Federal Rule of Civil Procedure 12(b)(6). See, e.g., Linblad v. Nationwide Mut. Ins. Co., No. 14-908, 2014 WL 6895775, at *3-*4 (D.N.J. Dec. 4, 2014) (applying Rule 12(b)(6) to a statute of limitations challenge under the NFIA). For that reason, the Court will treat Defendant's motion as a request for dismissal under Rule 12(b)(6), rather than Rule 12(b)(1). See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (denominating a dismissal motion as one made under Rule 12(b)(6), rather than Rule 12(b)(1)). Ultimately, though, the manner in which the Court denominates the pending motion has little practical meaning, because the Complaint presents the issue of timeliness on its face and/or through the documents it explicitly relies upon.

5

favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, at 120 (3d Cir. 2012) (citations omitted).  However, in order to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

Congress enacted the National Flood Insurance Program (hereinafter "NFIP") in 1968 as part of the NFIA, and in order to provide economical flood insurance to those in flood-affected areas.  See generally 42 U.S.C. § 4001-4129; see also Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998) ("It is uneconomical for private insurance companies to provide flood insurance with reasonable terms and conditions to those in flood prone areas").[5]

---

[5] Defendant falls within the provisions of the NFIA pursuant to the Write Your Own (hereinafter "WYO") program, which Congress added in 1983 to allow private insurance companies, like Defendant, to issue flood insurance as the fiscal agents of the United States.  See 42 U.S.C. § 4071(a).  In connection with this scheme, a WYO company, like Defendant, "collects premiums and disburses claims," but the Federal Emergency Management Agency (hereinafter, "FEMA") "bears the [ultimate] risk under the flood insurance program."  Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, at 166-67 (3d Cir. 1998).  In that way, a lawsuit against a WYO company becomes, in practical terms, "a suit against FEMA."  Id.

The pending motion hinges, as explained above, upon the triggering period for the NFIA's statute of limitations. Stated differently, the Court must consider whether the statute of limitations begins to run on the date that the insurer <u>mails</u> the denial letter (the position advanced by Defendant), or on the date that the insured party actually <u>receives</u> the denial letter (the contrary position staked out by Plaintiff).

The Court begins, as it must, with the terms of the statute. As relevant here, 42 U.S.C. § 4072 provides that

> the claimant, <u>within one year after the date of **mailing** of notice of disallowance or partial disallowance by the Administrator</u>, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated

42 U.S.C. § 4072 (emphasis added). In other words, the statute explains, on its face, that the "**mailing** of notice" triggers the NFIA's limitations period. <u>Id.</u> (emphasis added). In interpreting this provision, courts have, in turn, consistently followed and applied the plain text of the statute, by concluding that the statute of limitations runs from the date of mailing.[6]  <u>See, e.g.</u>, <u>Lionheart Holding GRP v. Phila.</u>

---

[6] Plaintiff mounts no legitimate challenge to this facial interpretation of the statute. Rather, Plaintiff claims, without explanation, that he never <u>received</u> notice of Defendant's partial denial, and submits, in any event, that packages sent via certified mail cannot be deemed properly

Contribution Ship Ins. Co., 368 F. App'x 282 (3d Cir. 2010) (affirming lower court ruling that the statute of limitations for an SFIP was triggered by the date of the denial letter); Linblad, 2014 WL 6895775, at *4 ("the time for filing suit pursuant to the SFIP is calculated by the date of the denial letter, and pursuant to the statute by <u>the date the denial letter is mailed</u>") (emphasis added).[7]

With that conclusion, resolution of the pending motion becomes relatively straightforward. The denial letter here reveals, on its face, that Defendant mailed it to counsel for

---

delivered. (<u>See</u> <u>generally</u> Pl.'s Opp'n; <u>see</u> <u>also</u> Baker Aff. at ¶¶ 1-7 (generally describing the mail protocol for counsel for Plaintiff, and stating, "[t]o the best of [his] knowledge," that counsel did not receive Defendant's denial notice).) Nevertheless, Plaintiff's position on receipt finds no footing in 42 U.S.C. § 4072, which speaks only in terms of mailing of the denial letter, and leaves no room for inquiry into the date of receipt. Nor, for that matter, does the statute specify a particular mailing method. Beyond that, Defendant mailed the letter to the address listed for counsel for Plaintiff on the proof of loss, <u>and</u> has provided proof of its receipt. (<u>See, e.g.</u>, Exs. B & C to Weber Aff.) For all of these reasons, Plaintiff's position is without merit.

[7] Although somewhat harsh in application, numerous courts have concluded that the "date of mailing" language in nearly-identical federal statutes should be strictly construed. <u>See, e.g.</u>, <u>Akkaya v. Attn'y Gen. of U.S.</u>, 285 F. App'x 952, 954 (3d Cir. 2008) (dismissing an appeal of an Immigration Judge's order because the relevant statute, 8 C.F.R. § 1003.38, provided that "the time for appealing begins to run from the date on which the [judge] <u>mails a written decision, not from the date on which a petitioner receives it</u>")(emphasis added); <u>see</u> <u>also</u> <u>Jackson v. United States</u>, 751 F.3d 712, 717-18 (6th Cir. 2014)(dismissing an action as untimely under 28 U.S.C. § 2401 (Federal Tort Claims Act) for being more than 6 months after the date of <u>mailing</u> of the denial letter, even though the plaintiff never received it).

8

Plaintiff on April 30, 2014. (See Ex. B to Weber Aff.) As a result, this action would be timely only if filed by no later than April 30, 2015. Plaintiff, however, did not file this action until May 11, 2015, eleven days after the expiration of the statute of limitations. The Court therefore finds this action untimely under 42 U.S.C. § 4072.[8] Linder & Associates, Inc. v. Aetna Cas. & Sur. Co., 166 F.3d 547, 550 (3d Cir. 1999) (generally explaining that courts must interpret and apply the "plain and unambiguous" provisions of the NFIA).

## V. CONCLUSION

In sum, Plaintiff filed this action eleven days too late under the plain terms of 42 U.S.C. § 4072. Defendant's motion to dismiss will, accordingly, be granted, and Plaintiff's Complaint will be dismissed with prejudice as time-barred.[9]

---

[8] Equitable tolling may, in certain narrow circumstances, relax the strict application of limitations provisions, (1) where the defendant actively misled the plaintiff in some way relevant to the limitations period, and (2) where this deception caused the plaintiff's non-compliance with the limitations provision. See, e.g., Oshiver v. Levin, Fishbein, Sedran &Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Plaintiff has not argued for application of this narrow exception, nor has he identified any qualifying circumstances or indeed put forth any suggestion that Defendant purposefully misled him.

[9] The Court expects counsel for Plaintiff to fulfill his obligations under the New Jersey Rules of Professional Conduct, by furnishing a copy of this Opinion to his client, explaining its ramifications, and potentially advising him to retain independent counsel. See N.J. Rule of Prof'l Conduct 1.4(b)-(c) ("A lawyer shall keep a client reasonably informed about the status of a matter... [and] explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.").

An accompanying Order will be entered.

**July 14, 2016**              **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                 Chief U.S. District Judge